**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MICHAEL MATTHEWS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| | ) |
| THOMAS J. DART, Sheriff of Cook County; | ) |
| COOK COUNTY SHERIFF'S OFFICE; | ) |
| COOK COUNTY, a Municipal Entity; | ) |
| B.I. INCORPORATED, a Corporation; | ) |
| TRACK GROUP, INC. a Corporation; | ) |
| and ALLPOINTS SECURITY AND | ) |
| DETECTIVE, INC., an Illinois Corporation, | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Defendants, THOMAS J. DART, COOK COUNTY SHERIFF'S OFFICE, COOK COUNTY, (collectively, "Defendants"), hereby file their Notice to Remove this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), 1442(a), and 1446(a). In support, Defendants state the following:

**Procedural History**

1. On December 13, 2022, Plaintiff, MICHAEL MATTHEWS, a pretrial detainee on electronic monitoring, filed a civil rights complaint against Defendants in the Circuit Court of Cook County, Illinois, entitled *Michael Mattews v. Thomas J. Dart, et al.*, Case No. 2022CH08890. (**See Ex. A**, Plaintiff's Complaint).

2. The plaintiff has generally alleged, among other things, faulty electronic monitoring equipment, which led to his re-incarceration on December 14, 2021. (**See Ex. A;** Plaintiff's Complaint ¶ 6-10).

1

3. Plaintiff now seeks monetary relief in excess of $50,000.

4. The Cook County online docket indicated Plaintiff effectuated service of process upon Defendants on December 23, 2022.

5. This notice is timely filed within 30 days of service upon the defendants of the Plaintiff's Complaint.

6. Defendants now seek to remove the action from the Circuit Cook of Cook County, Illinois, Law Division to the United States District Court for the Northern District of Illinois, based on federal question jurisdiction, 28 U.S.C. § 1331. Specifically, the matter in controversy involves a civil action arising, in part, under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7. 42 U.S.C. § 1983 also appears to be implicated given the nature of the allegations.

8. Plaintiff's complaint additionally asserts claims under Illinois state law, which likewise fall under the jurisdiction of the United States District Court for the Northern District of Illinois, based on supplemental jurisdiction, 28 U.S.C. § 1367.

9. A state court action may be removed to a United States District Court where such District Court has original jurisdiction. *See* 28 U.S.C. §§ 1441, 1442. Jurisdiction is proper in this court pursuant to 28 U.S.C. §§ 1331, which states in pertinent part:

    a. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331.

Thus, jurisdiction is proper in this Court if the claim arises under laws of the United States.

## Argument

10. Plaintiff's Complaint asserts that "[a]s a proximate result of [Defendants'] wrongful and wanton conduct, Plaintiff was deprived of his *civil rights, individual liberties*, falsely

imprisoned, and suffered injuries of a personal and pecuniary nature" (Complaint, ¶¶ 18, 23) (emphasis added).

11. The plaintiff's allegations in his Complaint seek to redress deprivations of the plaintiff's civil rights and individual liberties, which arise under 42 U.S.C. §§ 1983 and 1988. Jurisdiction is based on 28 U.S.C. §§ 1343 and 1331.

12. The Plaintiff's Complaint should be removed from State Court to Federal Court since the plaintiff's allegations arises out of federal claims, which this Court has jurisdiction over.

## CONCLUSION

13. The Notice of Removal herein sets forth the grounds on which removal is sought, specifically citing the federal statute upon which original jurisdiction is premised and the factual support for that jurisdiction. Defendants have complied with the provisions of 28 U.S.C. § 1446, which direct that a short and plain statement of the grounds for removal accompany any notice of removal.

14. In addition, **a true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A**.

15. Defendants have fully complied with the requirements set forth in 28 U.S.C. § 1446 and the Federal Rules of Civil Procedure that govern removal from state court.

16. Accordingly, Defendants respectfully assert that the United States Court for the Northern District of Illinois should assume jurisdiction over this matter. Notice of the filing and Notice of Removal will be promptly given to the Circuit Court of Cook County, Illinois.

WHEREFORE, Defendants respectfully request that this action, pending in the Circuit Court of Cook County, Illinois, be removed to the United States District Court for the Northern District of Illinois.

Dated: January 10, 2023

                                                     Respectfully Submitted,

By:    */s/ Jason E. DeVore*
          Attorney for Defendants
          Jason E. DeVore (ARDC# 6242782)
          DeVore Radunsky LLC
          230 W. Monroe St., Ste 230
          Chicago, Illinois 60606
          jdevore@devoreradunsky.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that the above **Notice of Removal** was filed on January 10, 2023, with the Northern District of Illinois ECF System, serving a copy on all parties.

Copies of this document were additionally sent by mail and email to the following counsel of record:

**Plaintiff Counsel**
Daniel M. Kotin
Tomasik Kotin Kasserman, LLC
161 North Clark Street, Suite 3050
Chicago, Illinois 60601
(312) 605-8800
*dan@tkklaw.com*

                                       */s/Zachary Stillman*_____
                                       Zachary Stillman, One of the
                                       Attorneys for Defendants

DeVore Radunsky LLC
230 W. Monroe St., Ste 230
Chicago, Illinois 60606