IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL MATTHEWS, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> THOMAS J. DART, Sheriff of Cook County; ) <br> COOK COUNTY SHERIFF'S OFFICE; COOK ) <br> COUNTY, a Municipal Entity; ) <br> B.I. INCORPORATED, a Corporation; ) <br> TRACK GROUP, INC. a Corporation; ) <br> and ALLPOINTS SECURITY AND ) <br> DETECTIVE, INC., an Illinois Corporation, ) <br> ) <br> Defendants. ) | Case No. 1:23-CV-00130 <br><br> Honorable Steven C. Seeger |

### DEFENDANTS' RESPONSE IN OPPOSITION TO
### PLAINTIFF'S MOTION TO REMAND

NOW COME Defendants, THOMAS J. DART, Sheriff of Cook County, COOK COUNTY SHERIFF'S OFFICE (hereinafter, "CCSO"), COOK COUNTY, a body politic and corporate (incorrectly named as a "Municipal Entity"), by and through their attorneys, Jason E. DeVore and Troy S. Radunsky, of DeVore Radunsky LLC, B.I. INCORPORATED, a Corporation, by and through their attorneys, Clausen Miller P.C., TRACK GROUP, INC., a Corporation, by and through their attorneys, Litchfield Cavo LLP, and ALLPOINTS SECURITY AND DETECTIVE, INC. an Illinois Corporation, by and through their attorneys, Maron Marvel Bradley Anderson & Tardy LLC (hereinafter, collectively, "Defendants"), and for their Response In Opposition to Plaintiff's Motion to Remand, state as follows:

### INTRODUCTION

This case is one involving a claimed reduction in liberties and alleged constitutional violation under the Fourteenth Amendment of the United States Constitution. This effectively mimics nearly identical Fourteenth Amendment claims alleged in a 2022 Northern District case, *Arquero v. Dart*, 587 F. Supp. 3d 721, 726 (2022), over which Judge Seeger also presides. As

discussed below, these matters are perfectly suited for federal courts, which deal with Constitutional issues.

Plaintiff Michael Matthews originally filed this matter in the Circuit Court of Cook County, Illinois, County Department, Law Division, under Case No. 2022 L 011050. Dckt. No. 1. On, January 18, 2023, Counsel for Defendants Dart, CCSO and Cook sought removal in light of the Fourteenth Amendment federal question presented by the complaint. The federal question relates to plaintiff's arrest and incarceration following his participation in the Cook County Electronic Monitoring System. Plaintiff's allegations regarding wrongful incarceration arise from alleged malfunctions of the EM equipment. Dckt. Nos. 1, 1-1.

Plaintiff's complaint alleges that he was wrongfully arrested and incarcerated by Defendants Dart, CCSO, and Cook while plaintiff was a participant in the Electronic Monitoring program. Dckt. No. 1-1, ¶¶ 8-9. Pursuant to court order from Judge Chiampas, Plaintiff's enrollment in the electronic monitoring program was revoked, related to the nature of the charges against him and excessive violations. During criminal court proceedings, Judge Chiampas specifically admonished plaintiff and advised that he would not be able to remain on in the EM program in light of the violations. *See* 12.14.21 Hearing Transcript, attached hereto as **Exhibit A**, 27:8-15, 39. After revocation of Plaintiff's enrollment in electronic monitoring, this violation of his bail bond agreement left him legally detainable. *Id.*

## ARGUMENT

### A. The Allegation of a Violation/Deprivation of Plaintiff's "Civil Rights" and "Individual Liberties" Invokes Federal Question Jurisdiction

Plaintiff's motion to remand argues that plaintiff's arrest reflects a claim for negligence, but specifically states that "Plaintiff was deprived of his civil rights" and "individual liberties". Those rights and liberties arise from the United States Constitution and must be addressed in

2

federal court. Plaintiff's failure to articulate the appropriate constitutional amendment does not warrant remanding this matter to state court. Instead, Plaintiff's Complaint should remain in federal court and should be dismissed.

Plaintiff has no reasoned support for the contention that alleged violations of his "civil rights" and "individual liberties" is anything other than a federal question. Plaintiff has attempted to reframe the alleged violations of his constitutional rights as "false imprisonment." Dckt. No. 1-1, ¶¶ 18, 23. As recently as 2022, the Northern District Court in *Arquero v. Dart*, 587 F. Supp. 3d 721, 726 (2022) discussed substantially similar claims against defendants Dart and CCSO and noted that reframing of claims that arise under the Fourteenth Amendment, like here, as state common law claims, is nothing more than "artful repackaging" of his claim.

This Court is no stranger to nearly identical claims regarding Cook County's Electronic Monitoring program. *Arquero*, 587 F. Supp. 3d at 726; *Bohannon v. Esparza*, Case No. 21 C 3120, 2022 WL 1643816 (N.D. Ill. Apr. 26, 2022). These matters unquestionably involve a federal question relative to the Fourth Amendment of the United States Constitution.

Specifically, when dealing with claims of false imprisonment, this Court has determined that the Fourteenth Amendment controls when addressed in conjunction with claims of reduction of liberty, like here. *Arquero*, 587 F. Supp. 3d at 726; *Bohannon*, 2022 WL 1643816. This is not a case of simple negligence, regardless of Plaintiff's contentions otherwise. Dckt. No. 1-1.

**B. Plaintiff's Failure to Bring his False Imprisonment Claim Against Any of the Individual Officers Involved Reveals His True Intent.**

Plaintiff contends that his claims are based strictly in common law tort, yet his complaint tells a different story. Plaintiff's attempt to avoid federal case law detrimental to his position does nothing but detract from the veracity of his claims. As can be plainly seen from Plaintiff's focus

3

only on the Municipal Defendants and corporate partners of the sheriff's office in its electronic monitoring program; no individual officers are mentioned or named in Plaintiff's claims.

Under Illinois state common law, where an action is brought against a 'master' based on the alleged acts of its servant, liability is derivative and founded upon the doctrine of *respondeat superior*. *Moy v. Cnty. of Cook*, 159 Ill.2d 519, 524 (1994) (citing *Kirk v. Michael Reese Hosp. & Med. Ctr.*, 117 Ill.2d 507, 533 (1987)). Such liability is derived from the "relation of privity," between the parties by reason of contractual relationship. *Palmer v. Miller*, 380 Ill. 256, 259-60 (1942). While the officers responsible for the alleged false imprisonment of Plaintiff may stand in a "relation of privity" to Defendant Sheriff Dart, the same cannot be said to be the case about any other such municipal Defendant named in Plaintiff's suit.

Specifically, Plaintiff's claim against Defendant Cook County Sheriff's Office is already duplicative of his claim against Defendant Sheriff Dart in his official capacity, as that claim is already treated as against the government entity itself in the Seventh Circuit, *Walker v. Sheahan*, 526 F.3d 973, 976 (7th Cir. 2008), and "duplicative counts in a complaint may be properly dismissed." *Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, 720 F. Supp. 2d 978, 992 (N.D. Ill. 2010). Plaintiff's complaint was additionally silent as to Defendant Cook County's actual role it is alleged to have played in Plaintiff's alleged deprivation of civil rights and individual liberties at the hands of the Sheriff's Office. In the absence of direct pleading as to the actual role it played, rather than a conglomerated count pleading against all "Municipal Defendants" at once, identically, Dckt. No. 1-1, ¶¶ 12-18, it can only be assumed that *respondeat superior* liability was sought by nature of Defendant Sheriff Dart's employment by Cook County, however, Sheriff Dart is *not* in an employment relationship with Cook County, and the county cannot be held vicariously

liable for the Sheriff's Conduct, therefore the County would not be a viable Defendant for Plaintiff's claims if not arising under federal law and the constitution. *Moy*, 159 Ill.2d at 530-32.

Notably, Plaintiffs seeking *respondeat superior* liability usually bring claims against the individuals at fault in addition to the 'master.' Plaintiff's failure to do so here (or even name them as John Doe Defendants) reflects Plaintiff's intent to avoid litigating this matter in the appropriate federal court forum.

**C. Plaintiff's Claims are Functionally Invalid if they Arise Under Illinois Common Law**

Plaintiff insists that his claims arise under the common law tort of false imprisonment, rather than constitutional grounds, despite that he further alleges the conduct deprived him of "his civil rights[ and] individual liberties[.]" Dkt. # 1-1 ¶¶ 18, 22. However, it is difficult to see how it can be the case that Plaintiff meant to assert the common law tort of false imprisonment against any of the municipal defendants under Illinois law, since "imprisonment under legal authority is not false imprisonment[,]" *Arthur v. Lutheran Gen. Hosp.*, 295 Ill.App.3d 818, 826 (1998), and "[p]robable cause is an absolute bar to a claim for false imprisonment." *Mayorov v. United States*, 84 F. Supp. 3d 678, 704 (N.D. Ill. 2015) (quoting *Poris v. Lake Holiday Prop. Owners Ass'n*, 983 N.E.2d 993, 1007 (Ill. 2013)). "False imprisonment claims do not lie for a detention made by virtue of legal process issued by a court or an official with jurisdiction to issue such process." *Arthur*, 295 Ill.App.3d at 826.

Plaintiff's detainment stemmed from the nature of the criminal charges against him and movement violations in the Electronic Monitoring records recorded by the Sheriff's Department. Ex. A, pp. 3-6. At the time he was ordered into IDOC custody, by judicial order, his matter was up on a hearing that had been continued already, specifically for continuing violations of the terms of his Electronic Monitoring. *Id.* Despite Judge Chiampas repeatedly giving Plaintiff "the benefit

5

of the doubt" with regard to these movement violation incidents, *Id.* at p. 26, she was done with this after the state brought a motion presenting "a voluminous packet[...] address[ing] instances after [she] specifically told [Plaintiff] that he was not to violate" the terms of his Electronic Monitoring. *Id.* at 27:8-15. There, because of the continuing violations on the record after her explicit warning to Plaintiff to adhere to the terms of his monitoring, Judge Chiampas ultimately "revoke[d] bail and withdr[e]w" electronic monitoring, leaving Plaintiff open to incarceration by Judicial Order. *Id.* at 39:5-8. Thereafter, upon his detainment, "[Plaintiff] was lawfully in IDOC custody, which under Illinois law defeats his false imprisonment claim." *Mayorov*, 84 F. Supp. 3d at 704 (citing *Arthur*, 295 Ill.App.3d at 826).

Here, Plaintiff has no negligence claim against defendants Dart, CCSO and Cook. A judge ordered his arrest and incarceration. Plaintiff's attempts to omit references to the Fourteenth Amendment to hide a federal question should not be rewarded by remand. Accordingly, Plaintiff's motion to remand should be denied.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order:

1. Denying Plaintiff's Motion to Remand;
2. Granting Defendants 21 days respond or otherwise plead in response to Plaintiff's complaint;
3. Any additional relief deemed appropriate by this Court.

Respectfully Submitted,

By: */s/ Jason E. DeVore*
Jason E. DeVore, One of the Attorneys for Defendant

**DEVORE RADUNSKY LLC**
Jason E. DeVore (ARDC # 6242782)
Troy S. Radunsky (ARDC # 6269281)
Zachary G. Stillman (ARDC # 6342749)
230 W. Monroe Street, Ste. 230
Chicago, IL 60606
(312) 300-4479 telephone

6

Case: 1:23-cv-00130 Document #: 29 Filed: 03/17/23 Page 7 of 7 PageID #:60

jdevore@devoreradunsky.com
tradunsky@devoreradunsky.com
zstillman@devoreradunsky.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that **Defendants' Response in Opposition to Plaintiff's Motion to Remand** was filed on March 17, 2023, with the Northern District of Illinois ECF System, serving a copy to all parties.

*/s/ Zachary Stillman*